JULIA SMITH GIBBONS, Circuit Judge,
concurring in the judgment.
The majority opinion reaches the correct result: affirming the district court’s dismissal of Dyer’s habeas petition. I write separately, however, and concur only in the judgment because conceptually the case seems relatively straightforward to me, and I am not in agreement with all of the majority’s reasoning.
A district court that grants habeas relief to a state prisoner has only two options: issue the writ unconditionally or issue the writ conditionally. 39 Am.Jur.2d Habeas Corpus § 5 (updated 2012) (“[T]he only remedy which can be granted on a petition for writ of habeas corpus is release from custody, whether absolute or conditional.”); see Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir.2006) (“[T]he sole distinction between a conditional grant and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life.”). Here, as the majority suggests, the district court effectively issued a conditional writ when it “direct[ed]” that the state conduct a new parole hearing under the old standards — a remedy our court, albeit in a dissent, had roughly suggested. Dyer v. Bowlen, 465 F.3d 280, 295 (Rogers, J., dissenting). This course of action was rather unremarkable. See Satterlee v. Wolfenbarger, 453 F.3d 362, 369 n. 5 (6th Cir.2006) (“[T]his court has consistently endorsed the use of conditional writs_”); see, e.g., Mickens-Thomas v. Vaughn, 321 F.3d 374, 393 (3d Cir.2003) (remanding state prisoner’s case “to the [state Parole] Board for further proceedings consistent with this opinion, including a new hearing for Thomas”).
After the state conducted a new parole hearing, the district court was required to consider whether Dyer’s habeas petition was moot. This too was unremarkable. See N. Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (“Even in cases arising in the state courts, the question of mootness is a federal one which a federal court must resolve before it assumes jurisdiction.”). And in order to determine whether Dyer’s petition had become moot in light of the new parole hearing, the district court had to inquire whether, at least facially, the hearing was conducted as directed under the old standard. After performing this facial analysis and concluding that “Dyer has now received a hearing under the old statutory standard that existed when he committed his crimes and was convicted,” the district should simply have dismissed Dyer’s petition as moot. Unfortunately, perhaps because the state had moved for summary judgment rather than to dismiss, the district court granted the state’s summary *514 judgment motion and thereby engendered some confusion. But the only way to understand the district court’s order is as a dismissal of Dyer’s habeas petition as moot. See Jalowiec v. Bradshaw, 657 F.3d 298, 306 (6th Cir.2011) (acknowledging a “facial inconsistency” and “misleading language” in the district court’s opinion, but overlooking those flaws by relying upon “a common-sense reading of the opinion as a whole” as well as Supreme Court precedent). This dismissal was not in error, and therefore the proper outcome is to affirm the district court.
The majority appears to embrace this straightforward reasoning. (Maj. Op. at 511-12.) At the same time, however, the majority discerns a “fundamental structural problem” with the case, reasoning that Dyer failed to exhaust his state-court remedies after the new parole hearing and was required to return to state court. (Maj. Op. at 509-11.) The majority concludes that “all subsequent proceedings after the June 2009 parole hearing could not properly be before the district court until the issues were exhausted in state courts.” (Maj. Op. at 510.) But as explained above, the question of whether Dyer’s petition was moot was properly before the district court. And Dyer was certainly permitted to argue that the parole board did not abide by the correct standards — he simply was not entitled to receive more than a skin-deep review for mootness. If Dyer seeks a deeper review of the parole board’s actions, only then he will have to return to state court to exhaust his remedies.
Furthermore, the majority’s observation that “[ojnce the parole hearing was held, the writ would be dismissed, and the [district] court’s supervisory powers under AEDPA would cease,” is also problematic. (Maj. Op. at 511.) First, for the reasons already stated, the district court can and must exercise its “supervisory powers” at least to consider the question of mootness. Second, to extent this statement implies that a federal court is without jurisdiction to consider whether a state court has complied with an order granting a conditional writ, it is erroneous. See Gentry, 456 F.3d at 692 (“A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case.”); see also Patterson v. Haskins, 470 F.3d 645, 667-68 (6th Cir.2006) (noting that district court and appellate court jurisdiction was proper to “evaluate[ ] compliance with the terms of the conditional writ”).
In addition, after reaching the correct conclusion (Maj. Op. at 511-12), the majority then discusses in Parts IV and V several issues that are not necessary to the outcome of Dyer’s appeal. Given that the application of Cullen and possible future limitations issues are not germane to resolution of the issue before us, I would refrain from any analysis on these points.
With the foregoing observations, I concur in the judgment of the court.